# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3935 | **DATE** | 12/18/2003 |
| **CASE TITLE** | Bird vs. NECA- IBEW Local 176 Health & Welfare Plan of Benefits | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) [3-1] is granted. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | DEC 19 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 7 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 DEC 18 AM 2:35 | date mailed notice | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEAN T. BIRD,  )
  )
    Plaintiff,  )
  )  No. 03 C 3935
    v.  )
  )  Judge John W. Darrah
NECA-IBEW LOCAL 176 HEALTH & WELFARE  )
PLAN OF BENEFITS,  )
  )
    Defendant.  )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Dean T. Bird, filed suit against Defendant, NECA-IBEW Local 176 Health & Welfare Plan of Benefits ("NECA-IBEW 176"), alleging a claim for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), breach of fiduciary duty, and a violation of Section 510 of ERISA. Presently pending before the Court is Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). Bird did not file a response to Defendant's motion.

A reading of Bird's Complaint, including the documents attached to the Complaint, support the following summary of the alleged operative conduct of the parties.

Bird was enrolled in various benefit programs established by NECA-IBEW 176 for the benefit of electrical workers and their dependents. In October 2001, Bird sustained serious personal injuries in a hunting accident after he received shotgun wounds to his buttocks and lower extremities. As a result of the injuries, Bird incurred hospital and medical expenses in excess of $164,000. In addition, he was unable to return to his regular occupation until February 2002.

On November 3, 2001, Bird made a claim for disability (loss of time) benefits from the NECA-IBEW Benefits Plan ("the Plan") which provides for payment of periodic benefits in the event a participant is unable to work in his trade. Despite the application, Bird has not received any payment from the Defendant. Bird also sought reimbursement and indemnification for his medical charges from the Plan.

The Plan refused payment on Bird's claims absent the execution of a "Subrogation and Reimbursement Agreement Between Fund, Participant and Injured Claimant" ("Agreement"). Bird retained counsel to represent him in relation to his personal injuries. Notwithstanding the existence of an attorney-client retainer between Bird and his counsel, NECA-IBEW 176 demanded that Bird execute the Agreement.

The Agreement states, in pertinent part:

> The claimant and participant understand and agree with the Fund that the Fund shall be entitled to reimbursement for the money the Fund paid (or may in the future pay) for the claimant's benefits and necessary medical expenses incurred as a result of this occurrence, from the first dollars to be paid to or received by the claimant or participant from any source of recovery ...
> The claimant and participant agree with the Fund to promptly reimburse, or to instruct and cause claimant's attorney to reimburse the Fund in an amount equal to that paid by the Fund as benefits as a result of this occurrence, from the first dollars to be paid to or received by the claimant or participant from any source of recovery ...
>
> * * *
>
> The claimant and participant shall be required to pay their own legal fees and costs and to hire attorneys who agree to waive the common fund doctrine and to remit the gross rather than the net proceeds from litigation.
>
> * * *
>
> In those instances in which an attorney is hired and in which the Plan is given notice and an opportunity to pursue its own subrogation recovery, the Fund shall not be required to hire the

2

> attorney represented by the participant. If the attorney representing the participant wishes to proceed in light of this Agreement, and creates a common fund in which subrogation is specifically paid, the Fund may agree to pay up to 10% to include legal fees. Said 10% shall also include any prorated portion of the cost of recovery. If said attorney agrees to proceed, he will be considered to have waived the common fund doctrine.

The Plan provides, in pertinent part:

> In the event the Fund pays or is obligated to pay benefits on behalf of a participant ... and the participant ... have the right to recover the amounts of such benefits from any other person ... the Fund shall be subrogated to all of the participant's .. right of recovery against such party....
>
> The participant ... shall execute and deliver such documents and papers (including but not limited to an assignment of the claim against the other party or parties ... and/or a Subrogation Agreement) to the Fund as the Fund may require.
>
> * * *
>
> In the event of any failure or refusal by the participant ... to execute any document requested by the Fund or to take any action requested by the Fund to protect the interests of the Fund, the Fund may withhold payment of benefits or deduct the amount of any payments from future claims of the participants or dependents.
>
> * * *
>
> Once a settlement or judgment is reached on the claim, additional bills cannot be submitted with respect to the same injury.

Because of the above-quoted language in the Agreement and the Plan, Bird refused to sign the Agreement. The Plan has refused benefits based on Bird's failure to comply with the requirements of the Plan, including failing to sign the Agreement.

Bird alleges that the Plan had breached its fiduciary duty by placing the Plan's interests ahead of his interest – a plan participant – by denying benefits and/or by conditioning payment of benefits upon an agreement to waive the common fund doctrine. Bird also alleges that the Plan has unlawfully discriminated against Bird and has unlawfully interfered with his receipt of

benefits under the Plan as well as unlawfully interfering with an established attorney-client relationship between Bird and his counsel.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000) (*Marshall-Mosby*). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Exhibits that are attached to the complaint are incorporated into the pleading for purposes of a Rule 12(b) motion. *See Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988). A plaintiff can plead himself out of court via documents that are attached to his complaint that indicate that he is not entitled to judgment. *See Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 455 (7th Cir. 1998).

Bird first seeks recovery of loss-of-time disability benefits and medical benefits under the Plan. The Plan has refused to make such payments because Bird has failed to sign the Agreement as provided in Plan.

"[O]ne of ERISA's primary purposes is to ensure the integrity of written plans." *Administrative Comm. of the Wal-Mart Stores, Inc.'s Assoc. Health & Welfare Plan v. Varco*, 338 F.3d 680, 691 (7th Cir. 2003) (*Varco*). Accordingly, "to ensure the integrity of the pension and welfare plans, courts should confine the benefits to the terms of the plans as written." *Varco*, 338 F.3d at 692. It is not appropriate to fashion a common law rule that would override the express terms of a private plan unless the overridden plan provision conflicts with statutory provisions or other polices underlying ERISA. *Varco*, 338 F.3d at 692.

4

Here, the Plan provides that the payment of benefits may be withheld if the participant fails to execute a document such as the Agreement. Bird admits that he has refused to sign the Agreement. Bird does not allege, and fails to present any argument or authority, that such a provision conflicts with the statutory provisions or other policies underlying ERISA. Furthermore, as further discussed below, the Plan provisions that Bird does contest do not conflict with any statutory provisions or other policies underlying ERISA.

The Plan controls the relationship between Bird and NECA-IBEW 176. The Plan authorizes the withholding of benefit payments because of the failure to execute the Agreement, and this Court does not possess the authority to rewrite the Plan for Bird's benefit. *See Varco*, 338 F.3d at 692 (the plan did not authorize the payment of participant's attorney's fees, and the court did not have authority to rewrite the plan to the plaintiff's benefit). Accordingly, Bird cannot prevail on his claim for loss-of-time disability benefits and medical benefits.

Bird also alleges that the NECA-IBEW 176's trustees violated their fiduciary duty under ERISA Section 404(a)(1)(a)(i) to act "solely in the interest of the participants and beneficiaries and ... for the exclusive purpose of ... providing benefits to participants and their beneficiaries" by (1) placing "the plan's interests ahead of the interest of the plan participants by denying benefits and/or by conditioning payment of benefits upon an agreement to waive rights under the common fund doctrine", (2) withholding benefits due to his refusal to sign the Agreement, and (3) by including a provision limiting future health and welfare benefits for the injury in the case of a settlement or judgment.

ERISA fiduciaries are required to act with care and skill "solely in the interest of participants and beneficiaries." 29 U.S.C. § 1104(a). However, fiduciary duties owed to the

participants under ERISA apply only to the administration of the plan, not to its formation, amendment, or modification. *See Milwaukee Area Joint Apprenticeship Training Comm. for the Electrical Indus. v. Howell*, 67 F.3d 1333, 1338 (7th Cir. 1995). ERISA does not require employers to establish plans that are favorable to employees. The fiduciary duty of a plan administrator "is to implement faithfully the provisions of the plan as written." *White v. Sunstrand Corp.*, 256 F.3d 580, 583 (7th Cir. 2001). Fiduciaries are required to act "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104.

In the instant case, the Plan fiduciaries are acting in accordance with the Plan and are following the provisions of the Plan. While Bird does not agree with the provisions of the Plan that are being followed by the trustees, such disagreement is not a breach of the trustees' fiduciary duty. *See Ameritech Benefit Plan Comm. v. Communication Workers of America*, 220 F.3d 814, 825 (7th Cir. 2000) (*Ameritech*) (trustees' duty to act in the best interest of all the beneficiaries does not mean that they must cater to the optimal needs of each individual beneficiary).

Furthermore, in order for a participant to show a breach of a fiduciary duty, the participant must be able to show that he was, at some time, eligible for the plan's benefits. *See Ameritech*, 220 F.3d at 824. Bird is not eligible to receive the Plan's benefits because he has failed to comply with the terms of the Plan – executing the Agreement as required by the Plan.

Based on the above, Bird cannot prevail on his breach of fiduciary duty claim.

Bird further alleges that NECA-IBEW 176 violated Section 510 of ERISA by unlawfully discriminating against him and impermissibly interfering with his receipt of benefits through its enforcement of the Plan provision permitting withholding of benefits as a result of Bird's failure

to execute the Agreement.

In order for Bird to prevail on his Section 510 claim, he must be able to show that he was at some time eligible for the Plan's benefits. *See Ameritech*, 220 F.3d at 824. "[S]ection 510 only applies if the employee can show (among other things) that they were qualified under the plan for the denied benefits. If the plan itself provides for discriminatory practices, such that they do not qualify for benefits under its terms, they cannot prevail on an ERISA claim." *Ameritech*, 220 F.3d at 824.

In this case, the withholding of benefits from Bird and any possible failure to pay future benefits for Bird's injury result from the application of the Plan's terms. Accordingly, no violation of Section 510 can be demonstrated. *See Ameritech*, 220 F.3d at 824.

Lastly, Bird appears to be alleging that the Plan's provisions regarding subrogation and reimbursement cannot be enforced under the policies underlying ERISA because the rights to reimbursement that they provide are contrary to the Illinois common fund doctrine, require waiver of the common fund doctrine by his attorney, and interfere with an established relationship with his attorney.

In *Varco*, the Seventh Circuit held that when the Illinois common fund doctrine is in conflict with ERISA plan provisions, the state law contradicts the terms of the plan and, therefore, contravenes ERISA's requirements that plans be administered in accordance with the plan documents. *Varco*, 338 F.3d at 690. In such a case, the state common fund doctrine is invalidated under the doctrine of conflict preemption. *Varco*, 338 F.3d at 690. Accordingly, to the extent that enforcement of the plan terms mandates conduct contrary to the Illinois common fund doctrine, it is the Illinois common fund doctrine, rather than the terms of the Plan, which is

invalidated. *See Varco*, 338 F.3d at 690-91. Here, the express terms of the Plan are contrary to the Illinois common fund doctrine. Under these facts, the Illinois common fund doctrine is preempted by the terms of the Plan. *See Varco*, 338 F.3d at 690-91.

In addition, as in *Varco*, the federal common fund doctrine cannot be applied because such application would override the Plan's reimbursement provision which would impermissibly contravene, rather than effectuate, the underlying purposes of ERISA because the express terms of the Plan provide for the appropriate distribution of attorney's fees. *See Varco*, 338 F.3d at 692.

Furthermore, Bird's theory that the Plan provisions are invalid because they interfere with his right to contract with his own attorney is without merit. Bird is allowed to contract with his own attorney. However, by doing so, he gives up certain rights under the Plan. Such relinquishment of legal rights by a plan participant are allowed. *See Varco*, 338 F.3d at 692; *Cummings by Trechmeier v. Briggs & Stratton Retirement Plan*, 797 F.2d 383, 390 (7th Cir. 1986). In this case, as in *Varco*, "plan participants have traded the possibility of having the Plan participate in attorney's fees for the guarantee that medical bills will be paid immediately." *See Varco*, 338 F.3d at 692.

For the reasons stated above, Bird has failed to state a claim in which relief can be granted. Defendant's Motion to Dismiss is granted.

Dated: December 18, 2003

JOHN W. DARRAH
United States District Judge